UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MORDECHAI HELLMAN,**<br><br>*Plaintiff*,<br><br>-against-<br><br>**CORTLAND REALTY INVESTMENTS LLC, et al.,**<br><br>*Defendants*. | **1:22-cv-08341 (ALC)**<br><br>**OPINION** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs brings this action against Defendants Shalom Jacob, Locke Lord, LLP, Cortland Realty Investments, LLC, Barkany Asset Recovery & Management, LLC ("BARM"), and CPA David Belsky. Plaintiff alleges seven causes of action for alleged federal Racketeer Influenced and Corrupt Organization Act ("RICO"): (i) 18 U.S.C. § 1964(c); (ii) 18 U.S.C. § 1962(c); (iii) 18 U.S.C. § 1962(a); and (iv) 18 U.S.C. § 1962(d), as well as causes of action for (v) breach of duty to act in good faith and fair dealing; (vi) accounting; and (vii) unjust enrichment. ECF No. 6, Compl.

Defendant Belsky now moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(5) for insufficient service of process, and Fed.R.Civ.P. 12(b)(6) for failure to state a claim. ECF No. 28. After careful review, Defendant's Motion, ECF No. 28, is **GRANTED in part**. Defendant's motion under Fed.R.Civ.P. 12(b)(5) is **DENIED**. Plaintiff's Complaint is **DISMISSED** under Fed.R.Civ.P. 12(b)(6).

BACKGROUND

I.   **Statement of Facts**

Plaintiff is a victim of a Ponzi scheme by Gershon Barkany. Compl. at ¶ 1 n.1. To recover assets, investors formed BARM. *Id.* at ¶¶ 21-24. BARM engaged Jacob and Locke Lord

1

LLP as counsel. *Id.* at ¶ 24. Locke Lord LLP retained Defendant Belsky on or about December 2010 to conduct forensic accounting for BARM. Plaintiff hoped to recover $1,375,000 from Barkany and/or his affiliated entities. *Id.* at ¶ 23.

On or about March 2013, BARM recorded a judgment against Barkany and entities controlled or owned by Barkany. *Id.* at ¶ 31. On or about August 2017, BARM sought to make interim distributions or, as an alternative, proposed a buy-out by Cortland Realty Investments, LLC ("Cortland"). *Id.* at ¶ 41. Plaintiff accepted the proposed buy-out by defendant Cortland. *Id.* at ¶ 48.

Plaintiff filed brought suit in the Supreme Court of the State of New York, County of New York against the same Defendants in this case, alleging claims of a duty to act in good faith, conversion, unjust enrichment, and accounting against Belsky. ECF No. 29, Patricia Hines Decl., ECF No. 29-3, Exhibit 3, State Court Complaint. The state court dismissed Plaintiff's claims against Belsky. Hines Decl., ECF No. 29-4, Exhibit 4, State Court Decision and Order dated March 29, 2022.

## II.     Procedural History

This action was initiated on November 7, 2022. Compl. Defendant Belsky moved to dismiss on April 21, 2023. ECF No. 28. Plaintiff filed his opposition on May 5, 2023, ECF No. 31. Defendant filed his reply on May 12, 2023, ECF No. 33. This matter is fully briefed.

## STANDARD OF REVIEW

### I.     Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Rule 4 of the Federal Rules of Civil Procedure. "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing

2

that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order) "Because a Rule 12(b)(5) motion implicates whether [the court] has jurisdiction, the court looks to matters outside the complaint." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 83 (S.D.N.Y. 2021) (citing *Hines v. Roc-A-Fella Recs., LLC*, 2020 WL 1888832, at *1-2 (S.D.N.Y. Apr. 16, 2020)) (internal quotations and citations omitted). "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *Id.*

If a defendant is not properly served "within 90 days after the complaint is filed," the Court "must" dismiss the action without prejudice against the unserved defendant(s), "or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). "Good cause . . . is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing *Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y. 2003)). "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id.* at 432–33 (citation and quotation marks omitted).

"Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." *Mares v. United States*, 627 F. App'x. 21, 23 (2d Cir. 2015) (summary order) (internal citation omitted). Courts will examine "the relative prejudice to the parties (including whether the action would be barred

by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Id.*

## II.  Federal Rule of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678–79 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

I. **The Court Declines to Dismiss the Complaint for Failure to Timely Serve Defendant Belsky.**

Here, Plaintiff filed his Complaint on November 7, 2022, with service due to Defendant by February 5, 2023. Defendant Belsky was not served with the Complaint until February 20, 2023, 15 days after the 90-day deadline. Plaintiff alleges "Service was effectuated after multiple prior attempts by the process server." ECF No. 31 at 7. However, he does not provide facts to corroborate this claim.

Despite the absence of good cause, a court may exercise its discretion to grant extensions of time to effect proper service. *Mares*, 627 F. App'x. at 23. Here, Defendant has not alleged he suffered prejudice by being served 15 days after the 90-day deadline. Therefore, the Court grants an extension *nunc pro tunc*; the failure to timely serve Belsky does not warrant dismissal of Plaintiff's complaint.

II. **Plaintiff's RICO Claims Must Be Dismissed.**

Section 1964(c) creates a private right of action for RICO violations. 18 U.S.C. § 1964(c). The RICO statute provides that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

To state a civil RICO claim, the plaintiff must show "(1) a substantive RICO violation under 18 U.S.C. § 1962, (2) injury to the plaintiff's business or property, and (3) such injury was by reason of the substantive RICO violation." *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 254 (S.D.N.Y. 2023) (citing *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 83 (2d Cir. 2015)). To state a substantive RICO violation, the plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, and (5) injury to business

or property as a result of the RICO violation. *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013). "Racketeering activity" under RICO includes "any 'act' indictable under various specified federal statutes, including the mail and wire fraud statutes[.]" *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (citing 18 U.S.C. § 1961(1)). "Because a RICO conspiracy charge need not specify the predicate or racketeering acts that the defendants agreed would be committed, . . . it is sufficient to allege and prove that the defendants agreed to the commission of multiple violations of a specific statutory provision that qualifies as RICO racketeering activity." *United States v. Applins*, 637 F.3d 59, 81 (2d Cir. 2011) (internal citations and quotation marks omitted) (collecting cases).

"The existence of an 'enterprise'—one existing 'separate and apart from the pattern of activity in which it engages'—is a necessary element of a section 1962(c) violation." *D'Addario v. D'Addario*, 901 F.3d 80, 99 (2d Cir. 2018) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981). The statute defines as "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

A RICO defendant is liable for participation in the "operation or management of an enterprise through a pattern of racketeering activity." *Reves v. Ernst & Young*, 507 U.S. 170, 184 (1993). A defendant must "have some part in directing" the enterprise's affairs, *id.* at 179, and "is liable under RICO if he or she has discretionary authority in carrying out the instructions of the [enterprise's] principals, or played some part in directing the affairs of the RICO enterprise." *Alix v. McKinsey & Co.*, No. 18-CV-4141 (JMF), 2023 WL 5344892, at *8 (S.D.N.Y. Aug. 18, 2023) (citing *Baisch v. Gallina*, 346 F.3d 366, 376 (2d Cir. 2003) (cleaned up)). "[T]he 'operation or management' test typically has proven to be a relatively low hurdle for plaintiffs to

6

clear, especially at the pleading stage." *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 176 (2d Cir. 2004).

Defendant principally argues that Plaintiff has not sufficiently pleaded the existence of an enterprise or to allege a pattern of racketeering activity.

### a. Pattern of Racketeering Activity

Defendant contends Plaintiff has not established a pattern of racketeering activity. In his Complaint, Plaintiff asserts that Defendants "under the auspices of recouping funds on behalf of victims of the Original Ponzi scheme" sought to utilize Plaintiff to access and obtain millions of dollars. Compl. at ¶ 62. Plaintiff alleges that since Defendants' activities include at least two acts of racketeering activity since 2017, Defendants' conduct constitutes a "pattern" of racketeering activity. 18 U.S.C. § 1961(5). *Id.* at ¶ 61. Here, Plaintiff did not plead Defendants' alleged predicate acts with sufficient particularity. *First Capital*, 385 F.3d at 178. Plaintiff claims that "Defendants Jacob, Locke Law Firm, and Belsky represented and guided victims, including Plaintiff, to invest their assets into certain investments that were subsequently discovered to be part of the Original Ponzi scheme." Compl. at ¶ 19. Plaintiff alleges that "Belsky and Jacob misrepresented that due to the bankruptcy proceedings, the victims, including Plaintiff, were at risk and exposed to potential real losses" and "Belsky and Jacob counseled Plaintiff to accept the Buy-Out Agreement" for a fraction of the funds Plaintiff alleges he was entitled to. *Id.* at ¶¶ 43-44.

Plaintiff also uses these alleged facts to claim Belsky participated in extortion. But Plaintiff entered into the buy-out agreement with Cortland, not Belsky, and Locke Lorde retained Belsky, not Plaintiff. Locke Lord was Plaintiff's legal counsel, not Belsky. Plaintiff has not set forth sufficient facts to establish that Belsky was a party to the buy-out agreement, nor that

7

Plaintiff was obligated to accept any advice Belsky may have given Plaintiff to agree to the buy-out agreement. As currently pleaded, Plaintiff appears to have freely entered into the buy-out agreement. Neither are there specific allegations that Belsky was engaged in wire fraud or any other violation.

Plaintiff's conclusory allegations are insufficient to establish a pattern of racketeering.

### b. Existence of An Enterprise

Defendant argues that Plaintiff's RICO claims fail because he has not alleged the existence of an enterprise that is distinct from the alleged scheme. Plaintiff has not shown that there exists an enterprise that is "separate and apart from the pattern of activity in which it engages[.]" *Turkette*, 452 U.S. at 583. In doing so, he runs afoul of RICO's requirement because the enterprise and Defendants' alleged "scheme" to retain recovered assets from the Barkany Ponzi Scheme are one and the same. *Lynn v. McCormick*, No. 17-CV-1183 (CS), 2017 WL 6507112, at *5 (S.D.N.Y. Dec. 18, 2017) (failure to allege a RICO enterprise when plaintiffs "allege[d] that the [d]efendants came together for the purpose of engaging in the fraudulent activity that form[ed] the basis of the asserted pattern of racketeering activity," making the pattern and enterprise "one and the same") (internal quotation marks and citation omitted). Thus, Defendants' "purported enterprise is their criminal activity, the very 'pattern' of activity underlying Plaintiff['s] RICO claim." *Heinrich v. Dean*, 655 F. Supp. 3d 184, 192 (S.D.N.Y. 2023) (collecting cases). Because Plaintiff has not established the existence of an enterprise, the Court need not reach the operation or management test.

For these reasons, Plaintiff has not met his burden to plead RICO claims against Defendant Belsky.

### III. State Law Claims

In "the usual case [where] all federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Because Plaintiff has not met his burden to establish his RICO claims, this Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

## CONCLUSION

After careful review, Defendant's Motion, ECF No. 28, is **GRANTED in part**. Defendant's motion under Fed.R.Civ.P. 12(b)(5) is **DENIED**. Defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6) is GRANTED. Plaintiff's Complaint is **DISMISSED** under Fed.R.Civ.P. 12(b)(6).

Rule 15(a)(2) states "the court should freely give leave [to amend] when justice so requires." The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178).

Because Plaintiff fails to plead adequate facts to support certain claims, the Court will afford Plaintiff the opportunity to amend his Complaint to attempt to cure its deficiencies. Plaintiff may file his Amended Complaint on or before **April 10, 2024**.

**SO ORDERED.**

Dated: **March 27, 2024**
New York, New York

ANDREW L. CARTER, JR.
United States District Judge