UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MORDECHAI HELLMAN,

                        Plaintiff,

      -against-

SHALOM JACOB, LOCKE LORD, LLP,
CORTLAND REALTY INVESTMENTS, LLC,
BARKANY ASSET RECOVERY & MANAGEMENT,
LLC, and DAVID BELSKY,

                        Defendants.

-----------------------------------------------------------------X

Civil Action No. 22-cv-08341 (ALC)

## PRELIMINARY STATEMENT

Defendants Cortland Realty Investments, LLC and Barkany Asset Recovery & Management, LLC (collectively "Defendants"), respectfully submit this memorandum of law in support of their motion to vacate an entry of default against Defendants pursuant to Fed. R. Civ. P. 55(c), and in opposition to plaintiff's instant application that seeks the entry of a default judgment against Defendants. Defendants' memorandum of law is also submitted in support of their instant application that seeks, upon vacatuer of the entry of default, dismissal of the instant action pursuant to Fed. R. Civ. P. 12(b)(6). As will be demonstrated herein, Defendants readily satisfy the standard necessary to have an entry of default vacated. Most specifically, Defendants readily demonstrate "good cause" for their purported default in failing to respond to plaintiff's complaint. Indeed further, Defendants demonstrate their meritorious defense to plaintiff's instant complaint and that no prejudice could inure to plaintiff in the event the Court vacates the entry of default against Defendants. Most significantly, Defendants readily demonstrate that based upon the Court's Opinion previously

{00035110.DOCX}

rendered in this action, the instant complaint must be dismissed as against Defendants. As such, there can be no doubt that, not only have Defendants demonstrated "good cause" that may readily serve as a basis to have the entry of default against Defendants vacated, but, Defendants have further established that the instant action as against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  As such, there can be no doubt that Defendants' instant application pursuant to Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 12(b)(6), should be granted in its entirety, and plaintiff's instant application for the entry of a default judgment against Defendants should be denied in its entirety.

## ARGUMENT

## POINT I

## THE COURT SHOULD SET ASIDE DEFENDANTS' DEFAULT

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is a "two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment". City of New York v. Mickalis Pawn Shop, LLC, 645 F. 3d 114, 128 (2d Cir. 2011)(citing New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)).  However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to a default judgment as a matter of right, merely because a party has failed to appear or respond." LG Funding, LLC v. Florida Tilt, Inc., No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).  Instead, an entry of a default judgment is in the sound discretion of the trial court. Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 451 (2d Cir. 2013).

{00035110.DOCX}

Indeed, to this end, the standard for setting aside an entry of default pursuant to Rule 55(c) is "lenient" and less rigorous than the standard for setting aside a default judgment pursuant to Rule 60(b). American Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981 (describing the Rule 55(c) standard as "lenient"). Rule 55(c) provides that relief from the entry of a default may be granted for "good cause shown". Fed. R. Civ. P. 55(c) ("For good cause shown, the court may set aside an entry of default..."). Although Rule 55(c) does not define "good cause", the Second Circuit has instructed that district courts must consider primarily "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and, (3) whether a meritorious defense is presented". Enron Oil Corp. v. Diakuhara, supra. Indeed, "other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Enron Oil Corp. v. Diakuhara, supra.

To be sure, the Second Circuit has "expressed a strong preference for resolving disputes on the merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)(quotation marks omitted); see, Enron Oil, 10 F.3d at 95 (noting "our oft-stated preference for resolving disputes on the merits"); State Street Bank and Trust Co. v. Inversiones Errazuirz Limitada, 374 F.3d 158, 167-168 (2d Cir. 2004)(default judgments are "generally disfavored and reserved for rare occasions"); Wright & Miller, 10A Fed. Prac. & Proc. Civ. 2693 ("[J]udges view default judgments with disfavor...This is because they favor trials on the merits with full participation by all parties"). In light of the foregoing principles, "when doubt exists as to whether a default should be granted

or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil, 10 F.3d at 96. To be sure, in light of the foregoing principles, and in light of Defendants' instant demonstration, there can be no doubt that, at the very least, the Court should grant Defendants' instant application pursuant to Rule 55(c), and vacate the entry of default in its entirety.

Lack of Willfulness

The Second Circuit has "interpreted 'willfulness' in the context of default, to refer to conduct that is more than merely negligent or careless", but is rather, 'egregious and…not satisfactorily explained". Bricklayers and Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. MoultonMasonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (quoting SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)). As evidenced by Defendants' instant submissions, Defendants' default in this action is not even remotely "egregious" and most certainly is "satisfactorily explained".

Most specifically, as set forth in the declaration of Abe Grohman ("Grohman Declaration"), and further corroborated by the accompanying declarations of Louis Loketch ("Loketch Declaration") and Larry Twinney ("Twinney Declaration") respectively, although Defendant BARM may have been "served" with the summons and complaint by service of the summons and complaint upon the Secretary of State of New York and Defendant Cortland by service of the summons and complaint upon its registered agent in Delaware, both BARM and Cortland failed to receive a copy of the summons and complaint in order to defend the instant action on its merits. The Grohman Declaration makes clear that he knows the foregoing first hand as he is the one who ultimately would have been in receipt of the summons and complaint and who

{00035110.DOCX}

would have retained counsel to represent both Defendants in this action. Such is corroborated by the the Loketch Declaration and Twinney Declaration respectively, wherein both set forth that Defendants were never in receipt of the summons and complaint. The Grohman Declaration emphatically states that, had Defendants been in receipt of the summons and complaint, Defendants would have aggressively defended the instant action just as they had defended the aforementioned prior state court action commenced by this very same plaintiff against these same above-captioned defendants. However, as the Grohman Declaration makes plain, Defendants did not receive the summons and complaint in this action and thus had no knowledge of the existence of this action. As a result, both BARM and Cortland never interposed a response to plaintiff's complaint. To be sure, the foregoing readily demonstrates that Defendants' failure to respond to plaintiff's complaint cannot even remotely be deemed "egregious". Rather, Defendants have more than satisfactorily explained their reasonable excuse for failing to respond to plaintiff's complaint. As such, there can be no doubt that no finding of "willfulness" can be attributed to Defendants' failure to timely respond to plaintiff's complaint.

Existence of A Meritorious Defense

To "satisfy the criterion of a 'meritorious defense', the defense need not be ultimately persuasive at this stage." Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). A party seeking to vacate a default must, however, offer more than "conclusory assertions," Bricklayers and Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. MoultonMasonry & Const., LLC, 779 F.3d at 187, and must "establish...the rudimentary elements of a meritorious defense" State Street Bank and

{00035110.DOCX}

Trust Co. v. Inversiones Errazuirz Limitada, 374 F.3d at 168. "The test…is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 173 (2d Cir. 2001) (quotation marks omitted); Westchester Fire Ins. Co. v. Tyree Serv. Corp., 304 F.R.D. at 113 (E.D.NY. 2014)("'Although a defendant must do more than merely allege that a defense exists, courts in this Circuit routinely recognize that a defendant need only meet a low threshold to satisfy this factor").

To be sure, Defendants can demonstrate more than a meritorious defense to the instant action. Indeed, Defendants can demonstrate an absolute defense to the instant action. To this end, pursuant to the motion to dismiss this action interposed by defendant David Belsky, the Court dismissed the RICO claims alleged against him in the complaint and declined to exercise pendent jurisdiction over the state law claims alleged therein. Most specifically, the Court found plaintiff's complaint woefully insufficient to support any claims alleging violations of the RICO statute. Moreover, although plaintiff was provided an opportunity to amend his complaint, plaintiff declined to do so, thus in effect recognizing and conceding the lack of any RICO claim and the lack of any merit to his baseless RICO claims. Indeed further, even a cursory review of plaintiff's complaint readily reveals that even less than what was alleged by plaintiff as against defendant David Belsky was alleged against Defendants. In fact, a cursory review of plaintiff's complaint reveals nary an allegation of anything that can even remotely support a RICO claim against Defendants. To be sure, the Court's finding of the lack of any RICO claim against defendant Belsky more than applies to the RICO

claims alleged as against Defendants. Thus, the Court's Opinion in conjunction with plaintiff's declination to amend his complaint, in and of itself, not only demonstrates Defendants' absolute defense to the RICO claims alleged against them in the instant action but also serve as a basis to instantly dismiss the instant action against Defendants.

<u>No Prejudice Inuring to the Plaintiff</u>

In order to demonstrate the "requisite level of prejudice, the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated.' <u>Murray Engineering, P.C. v. Windermere Prop. LLC</u>, No. 12-cv-0052, 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013). While "delay alone does not establish prejudice" <u>Enron Oil</u>, 10 F.3d at 98; <u>see</u>, <u>Fischer v. Forrest</u>, No. 14-cv-1307, 2014 WL 2717937, at *4 (S.D.N.Y. June 16, 2014)(rejecting contention that, "if the Court vacates the certificate of default [plaintiff's] prosecution of this action will be delayed, prejudicing his efforts to stop [defendant]'s allegedly infringing conduct"); the court "must consider the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy…resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion,". <u>Swarna v. Al-Awadi</u>, 662 F.3d 123, 142 (2d Cir. 2010)(quotation marks and alterations omitted); <u>Accord</u>, <u>Davis v. Musler</u>, 713 F.2d 907, 916 (2d Cir. 1983).

Most obviously, plaintiff cannot demonstrate any prejudice if the Court will vacate the entry of the default in this action. Simply put, no prejudice can inure to plaintiff in the event the Court vacates the entry of the default. Indeed, the

{00035110.DOCX}

Court has already found that plaintiff's RICO claims are insufficient as a matter of law and has declined to exercise jurisdiction over plaintiff's state law claims. To be sure, the Court's rendered Opinion in this action can now readily serve as the basis to dismiss the instant action as against Defendants. In essence, there is no remedy or recovery inuring to plaintiff that will be thwarted in the event the Court vacates the entry of default as against Defendants. Thus, plaintiff cannot demonstrate any prejudice inuring to him in the event the Court vacates the entry of default against Defendants.

Indeed further, the entry of default judgment against Defendants would bring about a harsh or unfair result in that, as demonstrated by the Court's aforementioned Opinion, plaintiff's RICO claims are insufficient as a matter of law and the Court has declined to exercise jurisdiction over plaintiff's state law claims. To enter a default judgment against Defendants upon a complaint alleging RICO violations that the Court has already determined to be woefully insufficient would produce a harsh and unfair result inuring to Defendants and in fact, an inconsistent result.

In sum, Defendants have satisfied herein, the criteria required to have an entry of default vacated. Defendants have more than readily demonstrated "good cause", sufficient to serve as a basis for the vacatuer of an entry of default. As such, there can be no doubt that, at the very least, the Court should vacate the entry of default against Defendants in its entirety.

## UPON VACATUER OF THE ENTRY OF DEFAULT, THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir.

{00035110.DOCX}

2009).[1]  To survive such a motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face" Bell Atl. Corp. v. Twombly,  550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). 'Once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint.'" Id. at *6.  See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  As stated in Mikhlin v. HSBC, 08-CV-1302, 2009 WL 485667 at * 2 (E.D.N.Y. Feb. 26, 2009) "[t]he test is no longer whether there is 'no set of facts' that plaintiff could prove 'which would entitle him to relief.' Bell Atlantic, 127 S. Ct. at 1969 (citations omitted) … Rather, the complaint must provide 'the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'"  Indeed, applying this standard, the Court has already disposed of plaintiff's RICO claims as against defendant David Belsky.  To be sure, the Court found plaintiff's complaint woefully insufficient to support any claims alleging violations of the RICO statute against defendant David Belsky.  Moreover, although plaintiff was provided an opportunity to amend his complaint, plaintiff declined to do so, thus in effect recognizing and conceding the lack of any RICO claim and the lack of any merit to his baseless RICO claims.  Indeed further, even a cursory review of plaintiff's complaint readily reveals that even less than what was alleged by plaintiff as against defendant David Belsky was alleged against Defendants.  In fact, a cursory review of plaintiff's complaint reveals nary an allegation of anything that can even remotely support a RICO claim against Defendants.  To be sure, the Court's finding of the lack of any RICO claim

---

[1]   "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Indergit v. Rite Aid Corp., 08-CV-9361, 2009 WL 1269250 (S.D.N.Y. 2009).  Thus, in the event the Court deems Defendants' proper vehicle to dispose of this action as a motion pursuant to Rule 12(c), Defendants have also satisfied the criteria for such a motion.

{00035110.DOCX}

against defendant Belsky more than applies to the RICO claims alleged as against Defendants. Thus, the Court's Opinion in conjunction with plaintiff's declination to amend his complaint, in and of itself, not only demonstrates Defendants' absolute defense to the RICO claims alleged against them in the instant action but also serve as a basis to instantly dismiss the instant action against Defendants pursuant to Rule 12(b)(6). Thus, there can be no doubt that, upon vacatuer of the entry of default against Defendants, the Court should dismiss the complaint in its entirety against Defendants.

## CONCLUSION

For the foregoing reasons the Court should grant Defendants' instant application pursuant to Fed. R. Civ. P. 55(c), and Fed. R. Civ. P. 12(b)(6) in its entirety and should deny plaintiff's instant application for the entry of a default judgment against Defendants in its entirety.

Dated: May 6, 2024
        Chestnut Ridge, New York

The Law Office of Jeremy Rosenberg
*Attorney for Defendants Cortland Realty Investments, LLC and Barkany Asset Recovery & Management, LLC*

By: _____
Jeremy Rosenberg (JR-4111)
777 Chestnut Ridge Road, Suite 202
Chestnut Ridge, New York 10977
(845) 729-1172

{00035110.DOCX}