UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MORDECHAI HELLMAN,                            :
                       *Plaintiff*,     :
                                              :
         -against-                       :     22-cv-08341 (ALC) (VF)
                                              :
CORTLAND REALTY INVESTMENTS LLC, et al.,      :     <u>OPINION & ORDER</u>
                                              :
                     *Defendants*.   :
                                              :
                                              :
                                              :
------------------------------------------------------------------ x

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Mordechai Hellman ("Plaintiff") moves for this Court to enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against Defendants Cortland Realty Investments LLC, et al. ("Cortland") and Barkany Asset Recovery Management ("BARM") (Collectively, "Defendants"). ECF No. 47. Defendants filed a cross-motion to vacate the Clerk's entry of default and in opposition to the Plaintiff's instant application that seeks default judgment, dated September 26, 2023 ("Default Judgment"). ECF No. 56. For the reasons set forth below, the Plaintiff's motion for default judgment is **DENIED**.

## BACKGROUND

      The Court assumes the parties' familiarity with the facts of this case, which are set forth more fully in the Complaint. ECF No. 6. In the Complaint, Plaintiff alleges that he is a victim of a Ponzi scheme, which resulted in a loss of over $1.4 million that the Plaintiff invested on behalf of himself and his investors. *Id*. Plaintiff commenced this action via summons and complaint for damages and recovery of assets wrongfully withheld by BARM and Cortland. As a result of the Defendants' failure to answer the Complaint, Plaintiff requests that this Court enter a default judgment for damages not less than $1,375,000 with treble statutory damages for a sum of

1

$4,125,000 plus interest at 9% and attorney's fees and costs; and award the Plaintiff immediate access to the Defendant BARM's books and records. ECF No. 47. Plaintiff does not seek a default judgment against Defendant Belsky, who appeared in a timely fashion, successfully moving to dismiss the complaint as it relates to him.

## PROCEDURAL HISTORY

On November 7, 2022, Plaintiff filed a complaint against Defendants alleging violations of the Racketeer Influenced and Corrupt Organizations "RICO" Act (18 U.S.C. § 1964), fraud, breach of fiduciary duty, duty to act in good faith and fair dealing, injunctive relief, unjust enrichment, breach of contract, and for exemplary punitive damages. ECF No. 6.

On November 11, 2022, Plaintiff served Defendant Cortland Realty Investments, LLC by delivering a copy of the summons and complaint to Robin Hutt-Banks, a managing agent authorized to accept service, and an Affidavit of Service was filed on March 9, 2023. ECF No. 18.  On November 15, 2022, Plaintiff served Defendant BARM by delivering a copy of the Summons and Complaint to Collen Banahan, a person authorized by the New York Secretary of State to accept service, and an Affidavit of Service was filed on March 9, 2023. ECF Nos. 19-20.

On September 26, 2023, the Clerk of Court entered a certificate of default against Defendants Cortland Realty Investments, LLC and BARM. ECF No. 41. On March 27, 2024, this Court denied the Defendant's motion to dismiss under Fed. R. Civ. P 12(b)(5) and granted Belsky's motion under Fed. R. Civ. P 12(b)(6) and dismissed the Plaintiff's RICO claims for failure to sufficiently plead the existence of an enterprise or pattern of racketeering activity. ECF No. 42. On April 1, 2024, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55 after the other Defendants filed to appear, answer, or otherwise respond to the complaint. ECF No. 46. On May 6, 2024, Defendants BARM and Cortland Realty Investments LLC filed a

cross-motion to vacate Clerk's certificate of default and in opposition to the Plaintiff's instant application that seeks the entry of a default judgment against Defendants. ECF No. 56. The Court considers this motion fully briefed.

## LEGAL STANDARD

When a party fails to defend an action, Fed. R. Civ. P. 55 permits either the clerk of court or the district court to enter a default against that party. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). If the court determines that the plaintiff's allegations establish that the defendant is liable as a matter of law and that the plaintiff is entitled to damages as a result following the entry of that default, the court may enter a final default judgment. *Id.* at 128–29, 137 & n.23; *see also Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

Fed. R. Civ. P 55(b) (2) does not set forth standards to be applied in determining when a party is "entitled to a judgment by default." The case law is clear, however, that the court is to exercise "sound judicial discretion" in determining whether a default judgment should be entered. Charles Alan Wright et al., 10A *Federal Practice & Procedure: Civil* § 2685, at 30 (3d ed.1998) (citing cases). The court may consider factors such as: the amount of money at stake; whether material issues of fact or questions of substantial public importance are presented; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have, and whether the default was caused by a good-faith mistake or excusable or inexcusable neglect. *Id.* § 2685, at 32–38 (footnotes omitted, citing cases).

Where, as here, a Certificate of Default has been entered by the Clerk of the Court, but no final default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)."). 1:24-CV-05412 (JAV) (SDA), 2025 WL 244340, at *2 (S.D.N.Y. Jan. 20, 2025). Rule 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).

In deciding such motions under Fed.R. Civ. P 55(c), courts in this Circuit apply a three-factor test to assess whether to relieve a party from default or from a default judgment.: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result. *See Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 320 (2d Cir.1986). "The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and ... in the best position to evaluate the good faith and credibility of the parties.' " *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)). Determination of whether to set aside a default must take into

4

account the strong preference for resolving disputes on the merits. *Wildflower + Co. v. Mood Apparel, Ltd.*, 338 F.R.D. 192 (S.D.N.Y. 2021). In the Second Circuit, there is a strong "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Johnson v. New York University*, No. 18-3305 (2d Cir. Jan 31, 2020) (summary order). While default procedures play an important role in keeping "the orderly and efficient of justice," they are "generally disfavored" and "reserved for rare occasions". *Id*.

### DISCUSSION

The Court considers each factor in turn below and concludes that these factors weigh in favor of denying the motion for default judgment.

### I.   Default Was Not Willful

This Court finds that the Defendant's default was not willful. The Second Circuit has interpreted "willfulness" in the context of a default as more than mere negligence or carelessness; it refers to conduct that is "egregious" and "not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Here, Plaintiff highlights that Cortland was served on November 11, 2022 and that Cortland's deadline to answer the Complaint was December 2, 2022. ECF No. 18. BARM was served on November 15, 2022 and BARM's deadline to answer the Complaint was December 6, 2022. ECF No. 20. Cortland and BARM had not answered nor requested an extension of its time to answer or made any attempt to contact Plaintiff's counsel, Plaintiff, or the Court. ECF No. 47 at 4.

In response, the Defendants argue that the Defendants' default is not remotely "egregious" and can be "satisfactorily explained." ECF No. 56-16 at 4. As set forth in Abe Grohman's declaration, Defendants BARM and Cortland Realty argue that they failed to receive a copy of the summons and complaint to defend the action on the merits.

ECF No. 56-1 at 3. Abe Groham's declaration stating that the Defendants did not receive a copy of the summons and complaint are further corroborated by Louis Loketch and Larry Twinney's declarations, which similarly maintain that the Defendants never received the summons and complaint. ECF No. 56-9 at 3; ECF No. 56-11 at 2. Indeed, these declarations demonstrate that both BARM and Cortland failed to receive a copy of the summons and complaint that would have been necessary to defend this action on the merits. Therefore, this Court does not find that the Defendant's failure to respond to the complaint was willful.

## II. Setting Default Aside Would Not Prejudice Hellman

This Court finds that setting aside the entry of default judgment would not prejudice the Plaintiff. "Because relief from a default entry essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the non-defaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (alterations omitted) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2699 (4th ed. 2023)). Although delay would result, delay is not sufficient to warrant entry of a default judgment. *See Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) (holding that "delay alone is not a sufficient basis for establishing prejudice"). The Second Circuit holds that "something more is needed," such as delay that thwarts plaintiff's chance of recovery. *State of New York v. Green,* 420 F.3d 99, 110 (2d Cir.2005) (citing 10A Charles A Wright, et al., *Fed. Practice & Procedure: Civil* § 2699 at 169 (3d ed.1998))."Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Here, denying the motion for default would not further prejudice the Plaintiff where—as

6

to Defendant Belsky—this Court has dismissed the Plaintiff's RICO claims and declined to exercise jurisdiction over the Plaintiff's state law claims. Plaintiff also maintains that their recovery is threatened by any delay because the Plaintiff has reason to believe that the Defendants have or are continuing to dissipate assets rather than to satisfy any judgment. ECF No. 47 at 8. While the Plaintiff argues that there is "no just reason for delaying a partial judgment", the Court finds that this speculative prejudice does not outweigh the fact that the Defendants' default was not willful and that the Defendants have presented a meritorious defense; *see also S.E.C. v. McNulty*, No. 94 CIV. 7114 (MBM), 1996 WL 422259, at *5 (S.D.N.Y. July 29, 1996), aff'd, 137 F.3d 732 (2d Cir. 1998). Furthermore, given the large sum of money in dispute and the Second Circuit's preference for resolving disputes on the merits, it would be inappropriate to grant the Plaintiff's motion for default judgment where the Defendants have finally appeared.

### III. Meritorious Defenses Are Presented

This Court finds that the Defendants present a meritorious defense that weighs against the entry of default. To establish the existence of a meritorious defense, a defendant must present some evidence beyond mere conclusory denials. *Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 173 (2d Cir.2001). The test is whether "the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara.,* 10 F.3d 90, 98 (2d Cir. 1993); *see also In re Martin–Trigona,* 763 F.2d 503, 505 n. 2 (2d Cir.1985) ("[I]n order to set aside a default, the defaulting party must present a meritorious defense demonstrating that if relief is granted the outcome of the suit may be different than if the entry of default or the default judgment is allowed to stand .... Otherwise, the defaulting party may be held to admit all the factual allegations of the complaint." (internal citations omitted)). Though a Defendant need not

"conclusively establish the validity of the defense asserted, [it] must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *Salomon v. 1498 Third Realty Corp.,* 148 F.R.D. 127, 130 (S.D.N.Y.1993) (quoting *Davis,* 713 F.2d at 916). "The defaulting defendant 'need only meet a low threshold to satisfy this factor.' " *Gench v. HostGator.com LLC*, 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015) (quoting *MD Produce Corp. v. 231 Food Corp*., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) ); *see also Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co*., 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

Here, the Defendants have met the burden of showing a meritorious defense in this action. Defendants argue that they can demonstrate an "absolute defense" to the instant action after the Court dismissed the RICO claims against Defendant David Belsky, declined to exercise pendent jurisdiction over the state law claims, and found the complaint insufficient to allege any RICO violations more generally. ECF No. 56-16 at 6. The Plaintiff has also failed to amend their complaint after being offered the opportunity to do so, undermining Plaintiff's contentions regarding the strength of the RICO claims against the other Defendants.  Indeed, entering a default judgment would be inappropriate at this stage in the litigation where the Plaintiff has declined to amend their complaint. In sum, all three factors weigh in favor of denying the entry of default judgment.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 46.

**SO ORDERED.**

**Dated:     February 6, 2025**
            **New York, New York**                    **ANDREW L. CARTER, JR.**
                                                      **United States District Judge**