UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORDECHAI HELLMAN,

Plaintiff,

-v-

CORTLAND REALTY INVESTMENTS, et al.,

Defendants.

CIVIL ACTION NO. 22 Civ. 8341 (ALC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On September 30, 2022, Plaintiff Mordechai Hellmann ("Plaintiff") filed this action against Defendants Cortland Realty Investments LLC and Barkany Assert Recovery and Management, LLC (together "Defendants") asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO") and New York State law. (Dkt. No. 6 (the "Complaint")). Plaintiff also named as defendants Shalom Jacob, Locke Lord LLP, and David Belsky. (See id. ¶¶ 14–15, 17). On April 3, 2023, Plaintiff voluntarily dismissed his claims against Shalom Jacob and Locke Lord LLP. (Dkt. No. 26). On March 27, 2024, the Honorable Andrew E. Carter, Jr. granted David Belsky's motion to dismiss, finding that Plaintiff failed to plead the existence of a RICO enterprise or a pattern of racketeering activity and declining to exercise supplemental jurisdiction over the state law claims. (Dkt. No. 42 (the "MTD Decision")).

On September 26, 2023, the Clerk of the Court entered certificates of default against Defendants. (Dkt. No. 41). On April 1, 2024, Plaintiff filed a motion for default against Defendants. (Dkt. No. 46 (the "Default Motion")). Defendants opposed the Default motion and cross-moved to dismiss the Complaint. (Dkt. No. 56 (the "Cross Motion"). On February 6, 2025,

Judge Carter denied the Default Motion and denied the Cross Motion because Defendants had not sought leave to file it.[1] (Dkt. No. 63).

On January 29, 2025, Plaintiff served interrogatories, requests for production, and requests for admission (the "Discovery Requests") on Defendants. (Dkt. No. 64 at 1; Dkt. No. 65 at 1). On February 20, 2025, the parties filed a joint status letter, in which Defendants sought "leave of the Court to file a dispositive motion primarily based upon the grounds set forth in their prior [C]ross [M]otion." (Dkt. No. 64 (the "Feb. 20 Letter")). The Feb. 20 Letter also noted that Defendants had not yet responded to the Discovery Requests. (Id.) To date, Defendants have not served responses to Plaintiff's Discovery Requests. (See Dkt. No. 65; 68).

On October 9, 2026 — more than a year and a half after Plaintiff served his Discovery Requests — Plaintiff filed a motion seeking, inter alia, an order compelling Defendants to respond to the Discovery Requests. (Dkt. No. 65 (the "MTC"). Judge Carter referred the action to the undersigned for general pretrial management (Dkt. No. 66), and Defendants filed an opposition to the MTC in which they discuss their arguments in support of dismissal of the Complaint. (Dkt. No. 68 (the "Opposition")).

On October 30, 2026, the Court held a conference regarding the MTC (the "Conference"). (Dkt. No. 67). The Court is persuaded that, based on Judge Carter's analysis in the MTD Decision (Dkt. No. 42), Defendants have "made a strong showing" that Plaintiff's RICO claims are not meritorious. Alapaha View Ltd. v. Prodigy Network, LLC, No. 20 Civ. 7572 (VSB), 2021 WL

[1] Judge Carter's Individual Practice Rules require that parties seek a pre-motion conference prior to filing any motions pursuant to Federal Rule of Civil Procedure 12. https://www.nysd.uscourts.gov/sites/default/files/practice_documents/ALC%20Final%20INDIVIDUAL%20PRACTICES%20OF%20JUDGE%20ANDREW%20L%20CARTER_0.pdf (last visited October 30, 2026).

1893316, at *2 (S.D.N.Y. May 10, 2021). While Plaintiff has not provided copies of the Requests, we infer from the MTC and the Opposition that they are broad. (See Dkt. Nos. 65; 68). Finally, while we are mindful that this action has been pending for four years, we note that Plaintiff waited more than 18 months after serving the Requests to file the MTC, suggesting that this action is not a matter of urgency and that Plaintiff will not be prejudiced by a few more months' delay. (See Dkt. Nos. 64–65). Accordingly, the Court finds good cause to stay discovery apart from requiring Defendants to provide written responses to the Requests as set forth below. See Fed. R. Civ. P. 26(c); see also Syensqo Specialty Polymers USA, LLC v. Arkema, Inc., No. 26 Civ. 79 (VSB) (VF), 2026 WL 1175033, at *1 (S.D.N.Y. Apr. 30, 2026) (granting stay of discovery while motion to dismiss was pending).

Pursuant to the discussion at the Conference, the Court **ORDERS** as follows:

1. By **November 2, 2026**, the parties shall order a copy of the Conference transcript by using the annexed form.
2. Defendants' request for leave to file a motion to dismiss (the "Motion") is **GRANTED**. (Dkt. No. 64). The Court sets the following briefing schedule:
    a. By **November 25, 2026**, Defendants shall file the Motion.
    b. By **December 9, 2026**, Plaintiff shall file his opposition to the Motion.
    c. By **December 16, 2026**, Defendants shall file their Reply.
3. By **December 18, 2026**, Defendants shall serve responses and objections to the Discovery Requests (the "Responses"). For the reasons discussed during the Conference and set forth above, the MTC is **DENIED** in all other aspects, and all discovery other than Defendants' Responses is **STAYED** pending resolution of the

Motion. (See Dkt. No. 65). At this time, Defendants need only serve the Responses, which will be timely as long as Defendants serve them by December 18, 2026.

The Clerk of the Court is respectfully directed to close Dkt. No. 65.

Dated: New York, New York
October 30, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, NOT the Southern District Court Reporters. The transcript will be delivered to your office and you will be invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for the transcription services described herein. This form should not be submitted for the purpose of obtaining a price estimate.
**NOTE:** CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request).
Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: ____________________

| Case Caption | |
|---|---|

| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |
|---|---|---|
| | | |

**INDICATE SERVICE:**
(prices listed are per page)

| Daily $7.30 ◯ | 3 Day $6.55 ◯ | 7 Day $5.85 ◯ | 14 Day $5.10 ◯ | 30 Day $4.40 ◯ |
|---|---|---|---|---|

| | |
|---|---|
| Your Name | |
| Firm Name | |
| Address | |
| City, State | Zip Code |
| Telephone Number | |
| E-mail Address | |

RESET    PRINT    SAVE    EMAIL